1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| CODY LESTELLE, | |
|---|---|
| Plaintiff, | CASE NO. |
| vs. | **COMPLAINT** |
| CITY OF SEATTLE and JOHN DOE, a Seattle police officer, | **JURY DEMAND** |
| Defendants. | |

Plaintiff Cody Lestelle ("Plaintiff" or "Mr. Lestelle") alleges as follows:

## I. INTRODUCTION

1. This is a civil rights action against the City of Seattle and an individual police officer employed by the Seattle Police Department for violating Plaintiff's civil and constitutional rights by pepper-spraying Plaintiff without justification at a demonstration in downtown Seattle on or about November 2, 2011.

## II. JURISDICTION AND VENUE

2. This action arises under 42 U.S.C. § 1983 and the United States Constitution. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has

COMPLAINT - 1

supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court under 28 U.S.C. § 1391 because the conduct giving rise to Plaintiff's claims occurred in the Western District of Washington, and because Defendants are, and were at all relevant times, residents of the Western District of Washington.

4. On August 20, 2014, Plaintiff filed a tort claim with the City of Seattle in compliance with RCW 4.92.100.

### III. PARTIES

5. Plaintiff Cody Lestelle is a resident of Edmonds, Washington.

6. Defendant City of Seattle is a Washington municipal corporation, located in King County, Washington.

7. Defendant John Doe was, at all relevant times, a member of the Seattle Police Department.

### IV. FACTUAL BACKGROUND

8. On or about November 2, 2011, protesters gathered in downtown Seattle for a nonviolent demonstration against JPMorgan Chase CEO, Jamie Dimon. Mr. Dimon was the keynote speaker that evening at the University of Washington's Business Leadership Celebration at the Sheraton Hotel.

9. Outside the Sheraton Hotel, a group of protesters linked arms to form a human chain around the hotel entrance, thereby blocking access to the hotel.

10. Mr. Lestelle attended the demonstration at the Sheraton. He was there to exercise his First Amendment rights to free speech and assembly, and to film and document the protest. At no time was Mr. Lestelle part of the human chain outside the hotel.

11. Around 7 p.m., Seattle Police Department officers advanced on the human chain and used bicycles to forcibly break the chain apart. The officers also used pepper spray

to disperse members of the chain.

12. Mr. Lestelle stood back, peacefully filming the officers' aggressive use of force on the protesters. He made no threatening gestures or movements toward the officers, and at no time did Mr. Lestelle present a physical threat to the police.

13. As Mr. Lestelle was filming, he was suddenly and without warning, directly sprayed in the eyes and face with pepper spray by Defendant John Doe, a member of the Seattle Police Department. A medic provided Mr. Lestelle with emergency treatment at the scene. Defendant John Doe was acting under color of state law. The unjustified attack on Mr. Lestelle was captured on video and is objectively unreasonable.

14. Mr. Lestelle was acting lawfully at all relevant times, and the Seattle Police Department did not arrest him or charge him with any crime.

15. The violations of Mr. Lestelle's constitutional rights were caused by customs, policies, and practices that were authorized, condoned, encouraged, and ratified by policymakers of Defendant City of Seattle. Such customs, policies, and practices include, but are not limited to, a pervasive practice/custom of using unnecessary and excessive force in violation of the Fourth Amendment to the United States Constitution. Upon information and belief, there was also a custom and practice of specifically targeting citizens who are filming police activities at protests or providing medical services to protesters. Such customs, policies, and practices constitute deliberate indifference and/or reckless disregard for Plaintiff's constitutional rights.

16. The violations of Plaintiff's constitutional rights were also caused by severe deficiencies in Defendant City of Seattle's training, supervision, and oversight with regard to its police officers' use of force. The need for better training, supervision, and oversight was known and/or should have been known to the City of Seattle prior to Mr. Lestelle's injuries. The City of Seattle's failure to provide adequate training, supervision, and oversight of its

police officers constitutes deliberate indifference and/or reckless disregard for Plaintiff's constitutional rights.

17. Defendants' actions have caused Mr. Lestelle substantial injuries, including but not limited to bodily harm, pain, fear, mental anguish, emotional distress, and anxiety. In addition, Mr. Lestelle was deprived of his right to peaceably assemble and speak freely without fear of unreasonable force being used against him.

## V. CLAIMS AND CAUSES OF ACTION

### ONE - VIOLATION OF FIRST AMENDMENT (42 U.S.C. § 1983)

18. Plaintiff incorporates by reference the allegations of paragraphs 1-17 above.

19. Defendants' above-described conduct violated Plaintiff's right to freedom of speech and peaceable assembly under the First Amendment to the United States Constitution.

20. Defendants' violation of the First Amendment was a direct and proximate cause of the injuries and damages suffered by Plaintiff as alleged herein.

### TWO – VIOLATION OF FOURTH AMENDMENT (42 U.S.C. § 1983)

21. Plaintiff incorporates by reference the allegations of paragraphs 1-20 above.

22. Defendants' above-described conduct violated Plaintiff's right under the Fourth Amendment to the United States Constitution to be free from unreasonable seizures and excessive, unjustified, and/or arbitrary force.

23. Defendants' violation of the Fourth Amendment was a direct and proximate cause of the injuries and damages suffered by Plaintiff as alleged herein.

### THREE – NEGLIGENCE

24. Plaintiff incorporates by reference the allegations of paragraphs 1-23 above.

25. Defendant City of Seattle owed a duty of care to Plaintiff to provide adequate training, supervision, and oversight of its police officers so as to prevent foreseeable and unjustified harm to Plaintiff.

ENSLOW | MARTIN PLLC
701 Fifth Avenue, Suite 4200
Seattle, Washington 98104
Tel. (206) 262-8220

26. Defendant City of Seattle negligently failed to provide adequate training, supervision, and oversight with regard to its police officers' use of force.

27. Defendant City of Seattle's negligence was a direct and proximate cause of the injuries and damages suffered by Plaintiff as alleged herein.

## VI. JURY DEMAND

28. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all issues in this action.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment against Defendants for the following:

A. For general and compensatory damages under state and federal law in an amount to be determined at trial;

B. Punitive and exemplary damages to the maximum extent permitted by law;

C. Attorney's fees pursuant to 42 U.S.C. § 1988;

D. Costs of suit; and

E. Such other and further relief as the Court may deem just and proper.

DATED: October 29, 2014

ENSLOW MARTIN PLLC

By: _____s/ David C. Martin_____
David C. Martin, WSBA No. 38325
Margaret Pak Enslow, WSBA No. 38982
701 Fifth Ave., Suite 4200
Seattle, WA 98104
Phone: (206) 262-8220
Fax: (206) 262-8001
Email: david@enslowmartin.com
Email: margaret@enslowmartin.com
Attorneys for Plaintiff Cody Lestelle